IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGOT SHAY<br>11018 Edgepark Circle, Apt. #201<br>Manassas, Virginia 20109 | *<br>*<br>*<br>* |
| and | *<br>* |
| EDSEL TALBERT<br>45615 Iron Horse Terrace<br>Sterling, Virginia 20166 | *<br>*<br>*<br>* |
| and | *<br>* |
| RON PEREZ<br>3013 Rogers Drive<br>Falls Church, Virginia 22042 | *<br>*<br>*<br>* |
| and | *<br>* |
| RICHARD FINDLEY<br>5142 Leatherback Road<br>Woodbridge, Virginia 22193 | *<br>*<br>*<br>* |
| and | *<br>* |
| MELISSA COLEMAN<br>11206 Keyon Lane<br>Fredericksburg, Virginia 22407 | *<br>*<br>*<br>* |
| *On Behalf of Themselves and*<br>*All Others Similarly Situated* | *<br>*<br>* |
| Plaintiffs, | *<br>* |
| v. | *    Case No. _____ |
| SIGHT & SOUND SYSTEMS, INC.<br>23430 Rock Haven Way, Suite 150<br>Dulles, Virginia 20166 | *<br>*<br>*<br>* |
| SERVE REGISTERED AGENT<br>Koorosh Kaymanesh<br>23430 Rock Haven Way, Suite 150<br>Dulles, Virginia 20166 | *<br>*<br>*<br>* |

|  | |
|---|---|
| and | * |
| KOOROSH KAYMANESH<br>23430 Rock Haven Way, Suite 150<br>Dulles, Virginia 20166 | * |
| and | * |
| HAMID AKRAMI<br>23430 Rock Haven Way, Suite 150<br>Dulles, Virginia 20166 | * |
| Defendants. | * |

*********************************************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Margot Shay ("Shay"), Edsel Talbert ("Talbert"), Richard Findley ("Findley"), Ron Perez ("Perez"), and Melissa Coleman ("Coleman") (collectively, "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and all others similarly situated, hereby complain against Defendants Sight& Sound Systems, Inc. ("SASSI"), Koorosh Kaymanesh ("Kaymanesh"), and Hamid Akrami ("Akrami") (collectively, "Defendants"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"), compensatory and punitive damages for unlawful retaliation in violation of the FLSA, and for other damages as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the Commonwealth of Virginia. Plaintiffs' written consents to participate in this lawsuit are attached hereto as Exhibit 1.

2.      SASSI is a corporation formed under the laws of Virginia with its principal place of business in Dulles, Virginia. At all times relevant, SASSI was Plaintiffs' "employer" for

purposes of the FLSA.  SASSI is in the business of installing electronics and sight and sound systems for its residential, corporate, and commercial clients in Washington, D.C. and the surrounding areas of Maryland and Virginia.

3. Kaymanesh is, on information and belief, the principal owner and President of SASSI.  At all times relevant, Kaymanesh (in conjunction with one or both of the other individual defendants) was responsible for all decisions regarding the rate and method of Plaintiffs' compensation.  At all times relevant, Kaymanesh was Plaintiffs' "employer" for purposes of the FLSA.

4. Akrami is, on information and belief, a part-owner and Vice President of SASSI.  At all times relevant, Akrami (in conjunction with one or both of the other individual defendants) was responsible for all decisions regarding the rate and method of Plaintiffs' compensation.  At all times relevant, Akrami was Plaintiffs' "employer" for purposes of the FLSA.

5. At all times relevant, SASSI was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).  At all times relevant, SASSI qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times relevant, Plaintiffs were individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).  Venue is proper under 28 U.S.C. § 1391(b).

## FACTS

**SHAY**

7. Shay worked for Defendants from approximately December 1, 2007 through May 29, 2009. At all times relevant, Shay worked exclusively for Defendants as a full time employee and had no other employment. Shay's job duties were primarily to install cable and stereo and electronic equipment for Defendants throughout the Washington, D.C. metropolitan areas. At all times relevant, Shay performed a substantial portion of her job duties in the District of Columbia.

8. At all times relevant, Shay was paid a salary of $45,000.00 per year. Shay's salary compensated her only for hours worked each week up to, but not exceeding, forty (40) hours. At all times relevant, Shay regularly worked approximately fifty-five (55) hours per week. Shay was never compensated at all by Defendants for overtime hours worked each week.

9. At no time did Shay perform work that meets the definition of exempt work under the FLSA.

10. On April 16, 2009, Shay met with Defendants to discuss her compensation. At the meeting, Shay complained to Defendants that their failure and refusal to pay her at the rate of one-and-one-half (1½) times her regular rate for hours worked each week in excess of forty (40) was unlawful and that she was owed substantial back wages. In retaliation, Defendants suspended Shay from her employment for one (1) day without pay.

11. On April 17, 2009, Shay filed a complaint with the United States Department of Labor ("DOL"). In Shay's DOL submission, Shay complained that Defendants had failed and refused to compensate her for overtime hours as required by law. Shay further complained that Defendants suspended her from her employ for complaining about the unlawful pay practices.

12. Defendants terminated Shay's employment on May 29, 2009 in retaliation for her April 16, 2009 complaint and after learning of her DOL complaint.

13. Following the termination of Shay's employ, Defendants failed and refused to pay Shay her last two (2) weeks of pay in the amount of $1,730.78.

**TALBERT**

14. Talbert worked for Defendants from approximately August 7, 2007 through January 26, 2009. At all times relevant, Talbert worked exclusively for Defendants as a full time employee and had no other employment. Talbert's job duties were primarily to install stereo and electronic equipment for Defendants throughout Washington, D.C. and the surrounding metropolitan areas. At all times relevant, Talbert performed a substantial portion of his job duties in the District of Columbia.

15. At all times relevant, Talbert was paid a salary of $52,500.00 per year. Talbert's salary compensated him only for hours worked each week up to, but not exceeding, forty (40) hours. At all times relevant, Talbert regularly worked approximately fifty-five (55) hours per week. Talbert was never compensated by Defendants for overtime hours worked each week.

16. At no time relevant did Talbert perform work that meets the definition of exempt work under the FLSA.

17. In about September 2008, Defendants offered Talbert an opportunity to earn additional wages. Defendants promised Talbert that if Talbert was able to procure a successful bid for Defendants to install a fire alarm system at the Manassas Park Town Center – Building B, Defendants would compensate Talbert in the amount of 5% of the bid price.

18.     On October 2, 2008, on behalf of Defendants, Talbert prepared and made a bid in the amount of $243,800.00.  On December 31, 2008, The City of Manassas Park, Virginia accepted the bid at the amount offered by Talbert on behalf of Defendants.

19.     Despite Talbert successfully procuring the bid for Defendants, Defendants failed and refused to pay Talbert his promised 5%, an amount of $12,190.00.

20.     Talbert resigned from his employment with Defendants on January 26, 2009.  Following Talbert's resignation, Defendants failed and refused to pay him for his final two (2) weeks of work in the amount of $2,019.24.

**PEREZ**

21.     Perez worked for Defendants from approximately September 1, 2007 through June 24, 2008.  At all times relevant, Perez worked exclusively for Defendants as a full time employee and had no other employment.  Perez's job duties were primarily to install stereo and electronic equipment for Defendants throughout the Washington, D.C. metropolitan area.  At all times relevant, Perez performed a substantial portion of his job duties in the District of Columbia.

22.     At all times relevant, Perez was paid a salary of $35,000.00 per year.  Perez's salary compensated him only for hours worked each week up to, but not exceeding, forty (40) hours.  At all times relevant, Perez regularly worked approximately fifty-five (55) hours per week.  Perez was never compensated at all by Defendants for overtime hours worked each week.

23.     At no time relevant did Perez perform work that meets the definition of exempt work under the FLSA.

**FINDLEY**

24. Findley worked for Defendants from approximately November 1, 2004 through December 10, 2008. At all times relevant, Findley worked exclusively for Defendants as a full time employee and had no other employment. Findley's job duties were primarily to perform inspections of installations of stereo and electronic equipment throughout the Washington, D.C. metropolitan area. At all times relevant, Findley performed a substantial portion of his job duties in the District of Columbia.

25. At all times relevant, Findley was paid an annual salary, which ranged from $47,000.00 to $50,000.00 per year. Findley's salary compensated him only for hours worked each week up to, but not exceeding, forty (40) hours. At all times relevant, Findley regularly worked approximately fifty-five (55) hours per week. Findley was never compensated at all by Defendants for overtime hours worked each week.

26. At no time relevant did Findley perform work that meets the definition of exempt work under the FLSA.

**COLEMAN**

27. Coleman worked for Defendants from approximately April 1, 2004 through August 31, 2007. At all times relevant, Coleman worked exclusively for Defendants as a full time employee and had no other employment. Coleman's job duties were primarily to perform bookkeeper work for Defendants.

28. At all times relevant, Coleman worked approximately forty-five (45) hours per week. Coleman was paid at the rate of $20.00 per hour for hours worked per week up to, but not exceeding, forty (40). Coleman was paid nothing for hours worked each week in excess of forty (40).

29.    At no time relevant did Coleman perform work that meets the definition of exempt work under the FLSA.

**OTHER PUTATIVE PLAINTIFFS**

30.    Plaintiffs are aware of other current and former employees of Defendants who are similarly situated in that they: (1) worked many hours of overtime for Defendants; (2) were not paid for overtime hours as prescribed by law; and (3) did not perform work which would qualify them as exempt from the overtime requirements of the FLSA.

## CAUSES OF ACTION

### COUNT I
**(Violation of FLSA – Overtime Compensation)**

31.    Plaintiffs re-allege each and every allegation set forth in Paragraphs 1-30 as if each were set forth herein.

32.    Section 207(a)(1) of the FLSA provides that:

> no employer shall employ any of his employees who, in any workweek, is engaged in commerce or in the production of goods for commerce, or *is employed in an enterprise engaged in commerce or in the production of goods for commerce* . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. (Emphasis added.)

33.    Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiffs' "employer." Defendants, as Plaintiffs' employer, were obligated to compensate Plaintiffs for overtime hours worked at the overtime rate of one-and-one-half (1½) times their regular rate of pay for all hours worked per week in excess of forty (40).

34. Plaintiffs worked many hours of overtime for which they were not properly compensated. Plaintiffs were entitled to, and are owed, overtime pay at the rate of one-and-one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) for each week they were employed by Defendants during the relevant time period. Overtime pay is, therefore, due and owing to Plaintiffs in amounts to be determined.

35. Defendants have failed and refused to compensate Plaintiffs properly and as required by law for overtime hours worked. Defendants failure and refusal to pay Plaintiffs as required by the FLSA was willful, intentional, and not in good faith.

WHEREFORE, Plaintiffs pray that they be awarded judgment on Count I of their Complaint against Defendants, jointly and severally, for unpaid overtime wages in such amounts as are proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT II
### (Violation of FLSA – Unlawful Retaliation)
### (Shay v. Defendants)

36. Plaintiffs re-allege each and every allegation set forth in Paragraphs 1-35 as if each were set forth herein.

37. FLSA section 215(a)(3) provides, in relevant part: "[I]t shall be unlawful for any person… to discharge or in any other manner discriminate against any employee because such employee has filed ***any complaint*** or instituted or caused to be instituted any proceeding under or related to this chapter…" (emphasis supplied).

38. On April 16, 2009, Shay met with Defendants to discuss her compensation. At the meeting, Shay complained to Defendants that their failure and refusal to pay her at the rate of

one-and-one-half (1½) times her regular rate for hours worked each week in excess of forty (40) was unlawful and that she was owed substantial back wages. In retaliation for Shay's complaint, Defendants suspended Shay from her employment for one (1) day without pay.

39. On April 17, 2009, Shay filed a complaint with the DOL. In Shay's DOL complaint, Shay complained that Defendants had failed and refused to compensate her for overtime hours worked as required by law. Shay further complained that Defendants suspended her from her employ for complaining about Defendants' unlawful pay practices.

40. In retaliation for Shay's April 16, 2009 complaint and for her complaint to the DOL, on May 29, 2009, Defendants terminated Shay's employment.

41. Defendants' termination of Shay's employment was in bad faith and was in retaliation for her complaints to Defendants and the DOL for Defendants' failure and refusal to abide by the requirements of the FLSA.

42. As a result of Defendants' unlawful termination of Shay's employment, Shay has lost wages and continues to lose wages. Shay has also suffered and continues to suffer severe mental anguish and other damages as a result of Defendants' retaliatory termination of her employment.

WHEREFORE, Shay prays that she be awarded judgment on Count II of her Complaint against Defendants, jointly and severally, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) for compensatory damages and Two Hundred Fifty Thousand Dollars ($250,000.00) in punitive damages, as well as attorney's fees, the costs of this action, and any further relief this Court or a jury deems appropriate.

## COUNT III
### (Breach of Contract)
### (Shay & Talbert v. SASSI)

43.     Plaintiffs re-allege each and every allegation set forth in Paragraphs 1-42 as if each were set forth herein.

44.     Shay and Talbert's promised salaries constitute employment contracts with regard to the method and amount of compensation due to Shay and Talbert by SASSI. As set forth more fully above, Shay and Talbert fully completed their last two (2) weeks of work for Defendants. Defendants, however, breached their employment contracts with Shay and Talbert by failing and refusing to pay them for their last two (2) weeks of work as promised.

45.     As a consequence, Shay and Talbert have suffered damages for which SASSI is liable.

WHEREFORE, Shay and Talbert pray that they be awarded judgment on Count III of their Complaint against SASSI for breach of contract, in the amount of $1,730.78 for Shay and $2,019.24 for Talbert, plus interest (both pre- and post-judgment), the costs of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT IV
### Quantum Meruit
### (Shay & Talbert v. SASSI)

46.     Plaintiffs re-allege each and every allegation set forth in Paragraphs 1-45 as if each were set forth herein.

47.     In the alternative to Count III, should it be determined that either Shay or Talbert did not have a contract with SASSI, Shay and Talbert performed services for SASSI under circumstances in which Shay and Talbert and SASSI reasonably expected that SASSI would compensate them for services rendered. It would be unfair and inequitable for SASSI to receive

11

the value of Shay and Talbert's services without paying compensation to Shay and Talbert for their last two (2) weeks of work for SASSI.

48. SASSI has failed to pay Shay and Talbert the reasonable value for services rendered.

WHEREFORE, Shay and Talbert pray that they be awarded judgment on Count IV of their Complaint against SASSI, in the amount of $1,730.78 for Shay and $2,019.24 for Talbert, plus interest (both pre- and post-judgment), the costs of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT V
### (Breach of Contract)
### (Talbert v. SASSI)

49. Plaintiffs re-allege each and every allegation set forth in Paragraphs 1-48 as if each were set forth herein.

50. As set forth more fully above, SASSI promised Talbert that if he was able to procure a bid for Defendants to install a fire alarm system at the Manassas Park Town Center – Building B, Defendants would pay Talbert 5% of the cost of the bid.

51. On December 31, 2008, the bid that Talbert prepared and offered on behalf of Defendants was accepted by the City of Manassas Park, Virginia in the amount $243,800.00. Pursuant to the terms of the agreement, on that date, SASSI was obligated to pay Talbert compensation for procuring the bid in the amount of 5% of the cost of the bid, $12,190.00.

52. As set forth more fully above, SASSI breached its agreement with Talbert by failing and refusing to pay him any of the promised $12,190.00 bonus.

53. As a consequence, Talbert has suffered damages for which SASSI is liable.

WHEREFORE, Talbert prays that he be awarded judgment on Count V of his Complaint against SASSI for breach of contract in the amount of $12,190.00, plus interest (both pre- and post-judgment), the costs of this action, and any other and further relief this Court or a jury deems appropriate.

### COUNT VI
**Quantum Meruit**
**(Talbert v. SASSI)**

54. Plaintiffs re-allege each and every allegation set forth in Paragraphs 1-53 as if each were set forth herein.

55. In the alternative to Count V, should it be determined that Talbert did not have a contract with SASSI for it to pay Talbert 5% of the cost of the bid, Talbert performed services for SASSI under circumstances in which both Talbert and SASSI reasonably expected that SASSI would compensate Talbert for preparing and procuring the bid. Having received the benefit of Talbert's services, it would be unfair and inequitable for SASSI to receive the value Talbert's services without paying compensation to Talbert.

56. SASSI has failed to pay Talbert the reasonable value for services rendered.

WHEREFORE, Talbert prays that he be awarded judgment on Count VI of his Complaint against SASSI for breach of contract in the amount of $12,190.00, plus interest (both pre- and post-judgment), the costs of this action, and any other and further relief this Court or a jury deems appropriate.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

_____
Philip B. Zipin, Bar No. 367362
Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone:	301-587-9373
Fax:	301-587-9397
Email:	pzipin@zipinlaw.com
	ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*