UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MARGOT SHAY, et al.,  )
  )
     Plaintiffs,  )
  )
     v.  )  Civil Action No. 09-1215 (RWR)
  )
SIGHT & SOUND SYSTEMS, INC.,  )
et al.,  )
     Defendants.  )

---

### MEMORANDUM OPINION AND ORDER

The plaintiffs, five former employees of defendants Sight & Sound Systems, Inc. ("SASSI"), Koorosh Kaymanesh and Hamid Akrami, bring claims of federal Fair Labor Standards Act ("FLSA") violations, unlawful retaliation, breach of contract, and quantum meruit largely for the defendants' failure to compensate them for overtime hours worked. The defendants have moved to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, to transfer venue. Because the District of Columbia is not an appropriate venue for the plaintiffs' claims, but the Eastern District of Virginia is an appropriate venue and a transfer is in the interest of justice, the case will be transferred.

### BACKGROUND

Plaintiffs Margot Shay, Edsel Talbert, Richard Findley, Ron Perez and Melissa Coleman are former employees of SASSI, Kaymanesh and Akrami. (Compl. ¶¶ 2-4.) Kaymanesh and Akrami are

-2-

co-owners of SASSI, which installs electronics and sight and sound systems for residential, corporate, and commercial clients in the District of Columbia, Maryland, and Virginia.  (Id.) Kaymanesh, Akrami, and all of the plaintiffs are residents of Virginia.  (Id. ¶ 1; see also Defs.' Stmt. of P. and A. in Supp. of Mot. to Dismiss ("Defs.' Stmt.") at 2.)  SASSI is a Virginia corporation with its principal place of business in Dulles, Virginia.  (Compl. ¶ 2.)  It makes all substantive decisions related to wage payments and terminations, and computes and processes wage payments, in its sole Virginia office.  (Defs.' Stmt. at 13.)

The plaintiffs allege that throughout the course of their employment with the defendants, they worked in excess of forty hours per week, and, in violation of the FLSA, the defendants failed to pay them at a rate of one-and-one-half times their regular rate for these overtime hours worked.  (Compl. ¶¶ 8, 15, 22, 25, 28.)  Shay alleges that on April 16, 2009, she met with the defendants to discuss their refusal to compensate her for the overtime hours worked, and she later filed a complaint with the United States Department of Labor ("DOL").  (Id. ¶ 10-11.)  Shay contends that SASSI terminated her the following month in retaliation for her complaints.  (Id. ¶ 12.)  Talbert alleges that the defendants refuse to pay him a promised five percent of a successful bid he procured on their behalf to install a fire

-3-

alarm system at the Manassas Park Town Center in Virginia.  (Id. ¶¶ 17, 19.)  Shay and Talbert also allege that they were never compensated for their final two weeks of work.  (Id. ¶ 44.)

The defendants move to dismiss this case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(3) for improper venue, or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a).  (See Defs.' Mot. at 1.)

## DISCUSSION

### I.   ADDRESSING VENUE BEFORE JURISDICTION

A federal court may "choose among threshold grounds for denying audience to a case on the merits."  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999).  "[C]ertain non-merits, nonjurisdictional issues may be addressed preliminarily, because '[j]urisdiction is vital only if the court proposes to issue a judgment on the merits.'"  Pub. Citizen v. U.S. Dist. Court for D.C., 486 F.3d 1342, 1348 (D.C. Cir. 2007) (quoting Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp., 127 S. Ct. 1184, 1191-92 (2007) (internal quotation marks omitted)).  For example, a court may consider a question of forum non conveniens before addressing whether subject matter or personal jurisdiction exists because a forum non conveniens dismissal denies audience to a case on the merits.  Sinochem, 127 S. Ct. at 1192.  This principle also applies to cases raising questions

-4-

involving transfer of venue.  Aftab v. Gonzalez, 597 F. Supp. 2d 76, 79 (D.D.C. 2009).  Because there is no automatic priority for sequencing jurisdictional issues, In re LimitNone, LLC, 551 F.3d 572, 576 (7th Cir. 2008), a court may decide questions of venue before addressing issues of personal or subject matter jurisdiction.  See Kazenercom TOO v. Turan Petroleum, Inc., 590 F. Supp. 2d 153, 157 n.5 (D.D.C. 2008); Cheney v. IPD Analytics, LLC, 583 F. Supp. 2d 108, 117 (D.D.C. 2008).

II. ASSESSING VENUE

Rule 12(b)(3) "allows a case to be dismissed for improper venue."  Fed. R. Civ. P. 12(b)(3).  "'[T]he plaintiff . . . bears the burden of establishing that venue is proper.'"  Walden v. Locke, 629 F. Supp. 2d 11, 13 (D.D.C. 2009) (quoting Varna v. Gutierrez, 421 F. Supp. 2d 110, 113 (D.D.C. 2006)).  In considering a motion to dismiss for improper venue, a "court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Id. (internal quotation marks omitted).  "To prevail on a motion to dismiss for improper venue, a defendant must present facts sufficient to defeat a plaintiff's assertion of venue."  Id. (citing Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2002)).  "If a case is filed in the wrong judicial district, a federal court in that

-5-

district must dismiss the case or 'if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'"  Ifill v. Potter, Civil Action No. 05-2320 (RWR), 2006 WL 3349549, at *1 (D.D.C. Nov. 17, 2006) (quoting 28 U.S.C. § 1406(a)).

When, as here, jurisdiction is not based solely on diversity of citizenship, the applicable venue provision is 28 U.S.C. § 1391(b).  Under that statute, venue is proper in a judicial district (1) "where any defendant resides, if all defendants reside in the same State," (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) "in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b)(1)-(3).  A corporate defendant is deemed to reside in "any district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).

Kaymanesh and Akrami reside in Virginia and SASSI is a Virginia corporation with its principal place of business in Dulles, Virginia.  (Compl. ¶ 2; Defs.' Stmt. at 7, 12.)  The plaintiffs allege that SASSI resides in the District of Columbia, and is subject to personal jurisdiction here, because it maintains continuous and systematic sales activities in the

-6-

District of Columbia.[1]  (Pls.' Opp'n at 1.)  The plaintiffs invoke the District of Columbia's long-arm statute to establish that SASSI is subject to personal jurisdiction in the District of Columbia.  (Id. at 2.)

The District's long-arm statute provides, in relevant part, that personal jurisdiction arises from a person's[2] "(1) transacting any business in the District of Columbia; [or] (2) contracting to supply services in the District of Columbia...."  D.C. Code Ann. § 13-423(a)(1)-(2).  Under this statute, personal jurisdiction is proper only when a claim arises from acts enumerated in this section.  See D.C. Code Ann. § 13-423(b).

"Even when the literal terms of the long-arm statute have been satisfied, a plaintiff must still show that the exercise of personal jurisdiction is within the permissible bounds of the Due Process Clause."  GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).  That is, "a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  Id.

---

[1] The plaintiffs' argument that SASSI resides in both Virginia and the District of Columbia implies that venue is proper in the District of Columbia under § 1391(b)(1) because all of the defendants reside in the same state, namely Virginia, and the District of Columbia is a district where SASSI also resides.

[2] A corporation is a person under the District's long-arm statute.  D.C. Code Ann. § 13-421 (2001).

-7-

(quoting Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. and Placement et al., 326 U.S. 310, 316 (1945) (internal quotation marks omitted)). Minimum contacts are required to ensure that the defendant can "reasonably anticipate being haled into [the forum state's] court," id., rather than being "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299 (1980)). Personal jurisdiction is proper where the defendant has "create[d] a substantial connection with the forum State," and "deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum." Id. at 475-76 (internal quotation marks and citations omitted). The question of whether due process is satisfied is not "simply mechanical or quantitative"; rather it is "the quality and nature of the activity in relation to the fair and orderly administration of the laws" that matters. Int'l Shoe Co., 326 U.S. at 319.

The plaintiffs provide no facts to satisfy the District's long-arm statute. They have not shown that their claims for unpaid wages arise out of SASSI's business transactions or contracts formed in the District of Columbia. The plaintiffs also fail to demonstrate that SASSI has established minimum

-8-

contacts with the District of Columbia.  The plaintiffs' conclusory allegations that SASSI has engaged in a substantial amount of business operations and contracted to perform services in the District of Columbia are not supported by any details regarding the time frame, extent, or nature of these purported operations or contracts.  Meanwhile, the defendants estimate, and the plaintiffs do not refute, that SASSI has "performed less than 10 out of 15,000 projects in D.C. since its inception in 1995, and that it did not actively solicit, or advertise for, any of that business."  (Defs.' Reply to Pls.' Opp'n at 4; see also Defs.' Stmt. at 3.)  Even though this quantitative estimate is not conclusive as to whether due process is satisfied, the plaintiffs have failed to allege sufficient facts demonstrating the quality and nature of the defendants' contacts as to satisfy the demands of due process.  Because the plaintiffs have shown neither that their claims arise from SASSI's business transactions or contracts in the District of Columbia nor that SASSI maintains continuous and significant contacts here, there is no basis to conclude that SASSI is subject to personal jurisdiction and resides in the District of Columbia, and venue is improper under § 1391(b)(1).

Under 28 U.S.C. § 1391(b)(2), jurisdiction is proper in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C.

-9-

§ 1391(b)(2).  Here, the plaintiffs assert the conclusory allegation that a "significant portion of the events that gave rise to [their] claim[s] transpired in the District of Columbia" (Pls.' Opp'n at 7), but they provide no factual details to support this allegation.  Four of the five plaintiffs allege that their job duties included installing stereo and electronic equipment throughout the Washington, D.C. metropolitan areas, but they fail to provide any specific facts to show that they performed work in the District of Columbia for which they have gone uncompensated.  In support of the assertion that a substantial part of the events giving rise to the plaintiffs' claims occurred in the District of Columbia, the plaintiffs identify one project at the Jordanian Embassy in the District of Columbia, on which three of the plaintiffs worked.  (Id. at 3.)  The plaintiffs, however, fail to state whether they are owed overtime compensation for their work on this specific project.

Similarly, none of the counts in the plaintiffs' complaint is alleged to stem directly from work completed in the District of Columbia.  Count I alleges that the defendants failed to compensate the plaintiffs for overtime hours worked but fails to specify where the work took place.  (Compl. ¶ 34.)  In Count II, Shay alleges that she was terminated unlawfully in retaliation for her April 16, 2009 meeting with the defendants and for filing a complaint with the DOL, but she specifies neither where the

-10-

meeting nor the subsequent termination took place. (Id. ¶¶ 38-40.) Counts III and IV, which allege claims for breach of contract and quantum meruit based on the defendants' alleged failure to compensate Shay and Talbert for services rendered during their last two weeks of work, fail to detail where the work occurred. (Id. ¶¶ 44, 47-48.) Finally, Counts V and VI are breach of contract and quantum meruit claims that stem from the bid allegedly prepared by Talbert to conduct work in Manassas Park, Virginia. (Id. ¶¶ 51-52, 55-56.)

By contrast, the defendants undermine any allegation that plaintiffs' claims stem from work performed in the District of Columbia by presenting facts showing that a very small proportion of the plaintiffs' work occurred here. For example, the defendants show that Shay was assigned to work on only one project located in the District of Columbia. (Defs.' Stmt., Exh. 1, Affidavit of Koorosh Kaymanesh at 2-3.)[3] The defendants also establish that Talbert and Perez each worked on only one project located in the District of Columbia out of the 100 and 50 projects respectively that they worked on during the course of their employment. (Id. at 3.) Findley and Coleman never worked in the District of Columbia. (Id.)

---

[3] They also show that the April 16, 2009 meeting took place at SASSI's office in Virginia. (Id. at 3.)

-11-

Moreover, where claims arise from a plaintiff "being owed compensation from . . . employment," all of the events giving rise to the litigation occur where "all computation and processing of payments owed to the plaintiff occurred." See Smith v. US Investigations Servs., Inc., Civil Action No. 04-0711 (RMU), 2004 WL 2663143, at *3 (D.D.C. Nov. 18, 2004). The defendants aver that they make all substantive decisions related to wage payments and termination and compute and process all wage payments in Virginia. (Defs.' Stmt. at 13.) Because the claims here center around the defendants' alleged failure to compensate the plaintiffs for prior employment, a substantial portion of the events giving rise to the litigation occurred in Virginia where the wage payments were computed and processed. Thus, venue is improper in the District of Columbia under § 1391(b)(2). Finally, § 1391(b)(3) does not provide a basis for venue. It applies only when venue will not lie in any district under § 1391(b)(1) or (2), and proper venue can be established in this case under § 1391(b)(1) or (2).

Because venue is improper in the District of Columbia under 28 U.S.C. § 1391(b), this court may transfer the case to a venue where the case might have been brought under 28 U.S.C. § 1406(a). Here, because all of the defendants can be found in the Eastern District of Virginia (Defs.' Stmt. at 13), this action will be transferred to that district.

-12-

## CONCLUSION

The plaintiffs have failed to show that venue is proper in the District of Columbia.  This case could have been brought in the Eastern District of Virginia, and a transfer is in the interest of justice.  Accordingly, it is hereby

ORDERED that defendants' motion [5] to dismiss for lack of personal jurisdiction or improper venue, or in the alternative, transfer venue be, and hereby is, GRANTED IN PART.  The motion to transfer is GRANTED.  The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Virginia.

SIGNED this 9th day of November, 2009.

```
                        /s/
           RICHARD W. ROBERTS
           United States District Judge
```